## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SAMUEL LUNDVALL,

     Plaintiff,

     v.                                       No. CIV 15-00160 RB-KBM

BERNALILLO COUNTY DISTRICT
ATTORNEY'S OFFICE and ZACH JONES
*Assistant District Attorney*,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, Plaintiff's civil rights complaint will be dismissed.

     The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Jones imposed an illegal sentence on Plaintiff in violation of Plaintiff's rights under the United States and New Mexico Constitutions.  The complaint further alleges that the Bernalillo County District Attorney's Office "is responsible for its representatives."  Plaintiff's complaint seeks monetary damages.

The complaint's caption names Zach Jones, an assistant district attorney, and the Bernalillo County District Attorney's office as defendants.  Defendant Jones is immune to Plaintiff's claims in this § 1983 action.  As the Supreme Court ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  *Id.* at 431; *and see Kersh v. Richardson*, 466 F. App'x 718, 720 (10th Cir. 2012).  Because Defendant District Attorney Jones took the alleged actions as part of the state's prosecution of a criminal proceeding, the Court will dismiss Plaintiff's claims against him.

Moreover, Plaintiff's claims against Defendant Jones in his official capacity, as well as his claims against the Bernalillo County District Attorney's Office, are barred by the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment bars a suit for damages in federal court against a state, its agencies, and its officers acting in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Rozeck v. Topolnicki, Jr.*, 865 F.2d 1154, 1158 (10th Cir. 1989) (holding that suit for damages under § 1983 against the Office of the District Attorney for the 18th Judicial District in the State of Colorado was barred by the Eleventh Amendment); *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (holding that the Oklahoma Attorney General's Office was an arm of the state entitled to Eleventh Amendment immunity),

2

*abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767 (10th Cir.2013); *see also Pettigrew v. Oklahoma ex rel. Oklahoma Dept. of Public Safety*, 722 F.3d 1209, 1213 (10th Cir. 2013) (noting that "supplemental jurisdiction under § 1367 does not override the Eleventh Amendment's bar on suing a state in federal court"). In New Mexico, district attorneys are state employees who "prosecute and defend for the state." NMSA 1978, § 16-1-18(A)(1); *see also* NMSA 1978, § 36-1A-2. The New Mexico Supreme Court has long held that, under the New Mexico Constitution, "the district attorney is a part of the judicial system of the state. His duties, powers, and functions are dealt with under the head of the 'judicial department.' He is a quasi judicial officer." *State ex. rel. Ward v. Romero*, 125 P. 617, 620 (1912); *see also Jackson v. New Mexico Public Defender's Office*, 361 F. App'x. 958, 962 (10th Cir. 2010) (holding that the "the district court correctly pointed out that the office of the district attorney could not be sued under a respondeat superior theory; and it is protected from suit by the Eleventh Amendment."). Accordingly, Plaintiff's complaint must be dismissed.

To the extent that Plaintiff seeks to challenge the constitutional validity of his sentence, he must do so through an application for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (holding that "a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus"); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus.").

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice to his rights under the habeas corpus statutes and all pending motions are denied as moot.

Judgment will be entered by separate order.


_____
UNITED STATES DISTRICT JUDGE